UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONICA LOUISE COLLEDGE,<br><br>    Plaintiff,<br><br>- against –<br><br>THE STEELSTONE GROUP, LLC<br>d/b/a GOURMIA,<br><br>    Defendant. | Docket No.: 1:22-cv-02873<br><br>**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE AND SUPPLEMENTAL JURISDICTIONAL ALLEGATIONS** |

## I. INTRODUCTION & BACKGROUND

Plaintiff submits this response to the Court's Order to Show Cause, along with her First Amended Complaint as attached hereto as Exhibit A. As laid out below, Plaintiff's First Amended Complaint succinctly alleges diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff respectfully requests the Court not dismiss her case; that she be allowed to proceed on the merits; and that she be allowed leave to file her First Amended Complaint.

## II. LEGAL ARGUMENT

Plaintiff must plead the identity and citizenship of each one, proceeding up the chain of ownership until the citizenship of every individual or corporation with a direct or indirect interest in Gourmia is alleged. *See MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("[T]o establish diversity jurisdiction, a party 'must specifically allege the citizenship of every member of every LLC'"); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (allegation that an LLC "is a citizen of a different state" is deficient "because it contains no allegation as to the identity or citizenship" of the members). Accordingly, Plaintiff submits the following supplemental jurisdictional allegations, which allege the citizenship of the Defendants'

corporate members, as laid out below.

**A.     Supplemental Jurisdictional Allegations**

Plaintiff submits the following supplemental jurisdictional allegations:

****

### PLAINTIFF MONICA LOUISE COLLEDGE

10.     Plaintiff Monica Louise Colledge is a resident and citizen of the city of West Jordon, County of Salt Lake, State of Utah, and was born on August 12, 1966.  Plaintiff is therefore, a citizen of the State of Utah for purposes of diversity jurisdiction as prescribed by 28 U.S.C. § 1332.

11.     On or about June 1, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the Pressure Cooker's lid being able to be rotated and opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the Pressure Cooker and onto Plaintiff. The incident occurred as a result of the failure of the Pressure Cooker's supposed "features," which purport to keep the consumer safe while using the Pressure Cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the Pressure Cooker, despite the existence of economical, safer alternative designs.

### DEFENDANT THE STEELSTONE GROUP, LLC d/b/a GOURMIA

12.     Defendant designs, manufactures, markets, imports, distributes and sell a variety of consumer kitchen products including pressure cookers, air fryers, and pressure cookers, amongst others.

13.     Defendant Gourmia is a New York domestic limited liability corporation with its principal place of business at 3611 14th Avenue, Suite 540 Brooklyn, New York 11218. At the time

of Plaintiff's injuries on June 1, 2020, Defendant's sole member was Mr. Naphtali Biegeleisen. At the time of Plaintiff's injuries on June 1, 2020, Mr. Biegeleisen was and is a citizen of the State of New York and operated out of Defendant's principal place of business at 611 14th Avenue, Suite 540 Brooklyn, New York 11218. Defendant is, therefore, a citizen of the State of New York for purposes of diversity jurisdiction as prescribed by 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15.     Plaintiff Monica Louise Colledge is a resident and citizen of the city of West Jordon, County of Salt Lake, State of Utah. Plaintiff is therefore a citizen of the State of Utah for purposes of diversity jurisdiction as prescribed by 28 U.S.C. § 1332.

16.     At the time of Plaintiff's injuries on June 1, 2020, Defendant's sole member was Mr. Naphtali Biegeleisen. At the time of Plaintiff's injuries on June 1, 2020, Mr. Biegeleisen was and is a citizen of the State of New York and operated out of Defendant's principal place of business at 611 14th Avenue, Suite 540 Brooklyn, New York 11218. Defendant is, therefore, a citizen of the State of New York for purposes of diversity jurisdiction as prescribed by 28 U.S.C. § 1332.

****

Said allegations are laid in Plaintiff's First Amended Complaint, Exhibit A.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the Court not dismiss her case; that she be allowed to proceed on the merits; and that she be allowed leave to file her First Amended Complaint.

Respectfully submitted,

Date: May 27, 2022

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

*/s/ Randi Kassan, Esq.*
Randi Kassan, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
516-741-5600 / 516-741-0128 (fax)
Rkassan@milberg.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 /612-436-1801 (fax)
akress@johnsonbecker.com

***Attorneys for Plaintiff***