UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 22-CV-2873 (EK) (RER)

———————

MONICA COLLEDGE

VERSUS

THE STEELSTONE GROUP, LLC D/B/A/ GOURMIA

———————

**REPORT & RECOMMENDATION**

June 16, 2023

———————

TO THE HONORABLE ERIC R. KOMITEE
UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

      Monica Colledge ("Colledge" or "Plaintiff") brought this personal injury and products liability action against The Steelstone Group, LLC, d/b/a Gourmia ("Gourmia" or "Defendant") after suffering serious and substantial burns while using a Gourmia pressure cooker. (ECF No. 1 ("Compl.") at 1). Plaintiff raised claims of strict liability, negligence, negligent design defect, negligent failure to warn, breach of implied warranty of fitness for a particular purpose, and breach of implied warranty of merchantability. (Compl. ¶¶ 26–65). Plaintiff then filed this Motion for Default Judgment (ECF No. 12 ("Mot. for Default J."), which Your Honor referred to me for a Report and Recommendation (ECF Order dated 11/22/2022). After carefully reviewing the record, and for the reasons that follow, I respectfully recommend that Plaintiff's Motion for Default Judgment be denied without prejudice, and that Plaintiff be granted leave to amend her Complaint.[1]

---

[1] Kathryn DeFranco, a second-year student at Brooklyn Law School and an intern in my Chambers, provided substantial assistance in researching and drafting this Report and Recommendation.

1

## BACKGROUND

I.     Factual Allegations

Plaintiff is a resident and citizen of Utah. (Compl. ¶ 7). Gourmia is a limited liability corporation with its principal place of business in Brooklyn, New York. (*Id.* ¶ 10). Gourmia designs, manufactures, distributes, markets, and sells a variety of kitchen products, including the Model GPC-855 pressure cooker. (*Id*. ¶¶ 1, 9, 14). Gourmia advertises that its pressure cookers allow for "completely safe cooking" (*id.* ¶ 15), and that its safety lock system ensures that the pressure cookers cannot be opened while they are in use (*id.* ¶¶ 2, 16a).

After Plaintiff and/or her family purchased a Gourmia Model GPC-855 pressure cooker, Plaintiff used it to prepare meals. (Compl. ¶¶ 17–18). Then, on or about June 1, 2020, she "suffered serious and substantial burn injuries as a direct and proximate result of the Pressure Cooker's lid being able to be rotated and opened while [it] was still under pressure . . . allowing its scalding hot contents to be forcefully ejected . . . onto [her]." (*Id.* ¶ 8). Plaintiff was using the pressure cooker as directed when this occurred. (*Id.*).

Plaintiff alleges that the pressure cooker was "defectively and negligently designed and manufactured . . . in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released." (*Id.* ¶ 19). She further claims that "economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized." (*Id.* ¶ 22).

II.   Procedural History

Plaintiff commenced this action on May 17, 2022. (Compl.). On May 20, 2022, Your Honor entered an Order to Show Cause directing her to explain why the case should not be dismissed for lack of subject matter jurisdiction because the Complaint did not properly allege Gourmia's citizenship as required to establish diversity jurisdiction. (ECF Order dated 5/20/2022). In response, Plaintiff filed a letter on May 27, 2022, specifying that Gourmia's principal place of business is 3611 14th Avenue, Suite 540, Brooklyn, New York 11218, and the sole member of Gourmia, Mr. Naphtali Biegeleisen, is a citizen of New York.[2] (ECF No. 4 ¶¶ 13, 16).

Plaintiff proceeded to serve the Summons and Complaint on Defendant,[3] but notably, the Summons was proposed and issued with the wrong address for Defendant. (*See* ECF Nos. 1-3, 5, 6 (all incorrectly listing Defendant's address as 1274 49th Street, Suite 455, Brooklyn, New York 11219)).[4] Notwithstanding this error, when Plaintiff served Defendant through New York's Secretary of State on June 13, 2022, the pleadings were subsequently mailed to Defendant's correct address. (*See* ECF No. 7 at 3 (indicating that process was served to 3611 14th Avenue, Suite 540,

---

[2] Plaintiff's original Complaint, as supplemented by her response to the Order to Show Cause, sufficed to establish diversity jurisdiction. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) ("[W]hen the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties, [the court] may simply 'deem the pleadings amended so as to properly allege diversity jurisdiction.'" (quoting *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997)).

[3] Plaintiff's response to Your Honor's Order to Show Cause included, as an attachment, a proposed amended complaint that incorporated clarification about the citizenship of Gourmia's sole member, but was otherwise identical to the original Complaint. (*Compare* Compl. *with* ECF No. 4-1). Thus, the original Complaint, which Plaintiff properly served on Defendant, and which served as the basis for Defendant's default and this Motion, remains operative.

[4] This address pertains to Steelstone LLC, rather than Defendant in this case, The Steelstone Group, LLC. *Compare Steelstone LLC.*, N.Y.S. Dep't State, https://www.dos ny.gov/corps/bus_entity_search html (search by "EntityName" and input "Steelstone LLC" in EntityName field) *with The Steelstone Group*, N.Y.S. Dep't State, https://www.dos ny.gov/corps/bus_entity_search html (search by "EntityName" and input "The Steelstone Group" in EntityName field). "The Court can and does take judicial notice of information from the New York Secretary of State's website." *J & J Sports Prods., Inc. v. La Parranda Mexicana Bar & Rest. Co.*, No. 17-CV-4171 (AMD) (SJB), 2018 WL 4378166, at *1 n.3 (E.D.N.Y. Apr. 9, 2018).

3

Brooklyn, New York 11218)). Defendant then failed to answer or otherwise respond to the Complaint, and Plaintiff requested a Certificate of Default (ECF Nos. 9–10). Plaintiff submitted an Affirmation of Service with that request indicating that a copy was served via process server upon Defendant, but unfortunately, the address provided for Defendant was again incorrect. (*See* ECF No. 9-3 (listing address as 1274 49th Street, Suite 455, Brooklyn, New York 11219)). Nonetheless, Defendant's default was entered on October 11, 2022 (ECF No. 11), and Plaintiff now moves for default judgment and an award in the amount of $75,116. (Mot. for Default J.).

## LEGAL STANDARDS

I. Default Judgment

Federal Rule of Civil Procedure Rule 55 establishes a "two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, after a party's failure to respond or defend is shown by affidavit or other evidence, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Second, the moving party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b).

Default judgments are "generally disfavored" by the Second Circuit, which has an "oft-stated preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993). As such, a "plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." *Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). When considering default judgment, courts accept a plaintiff's well-pleaded factual allegations as true. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Courts then determine whether those allegations are sufficient to establish a

valid cause of action. *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61 (2d Cir. 1981)); *see also Green Mountain Holdings (Cayman) Ltd. v. Eddington Link, LLC*, No. 21-CV-1729 (EK) (RER), 2021 WL 7710107, at *3 (E.D.N.Y. Dec. 31, 2021) ("[A] party in default does not admit mere conclusions of law." (quotation omitted)), *adopted by* 2022 WL 903062 (Mar. 28, 2022).

II.    Choice of Law

A federal court with diversity jurisdiction applies the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). Under New York law, "[t]he first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved." *Matter of Allstate Ins. Co. (Stolarz)*, 613 N.E.2d 936, 937 (N.Y. 1993). An "actual conflict" arises where there are "relevant substantive differences that could have a significant impact on the outcome of the case." *Fin. One Pub. Co. Ltd. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 332 (2d Cir. 2005). An actual conflict exists between New York and Utah law. *Compare* N.Y. C.P.L.R. § 1411 (pure comparative negligence statute allowing plaintiff to recover regardless of whether their culpable conduct contributes to injury) *with* Utah Code Ann. § 78B-5-818 (modified comparative negligence statute barring recovery for plaintiff who is fifty percent or more at fault).

"In tort cases, 'New York utilizes interest analysis to determine which of two competing jurisdictions has the greater interest in having its law applied[.]'" *Muratovic v. Mkt. Sols. Grp., Inc.*, No. 21-CV-562 (NGG) (TAM), 2023 WL 2683044, at *3 (E.D.N.Y. Mar. 29, 2023) (quoting *Padula v. Lilarn Props. Corp.*, 84 N.Y.2d 519, 521 (1994)). When courts apply New York's interest analysis and "the domiciles of the parties differ, the location of the injury determines the governing substantive law absent special circumstances." *Gray v. Busch Ent. Corp.*, 886 F.2d 14,

15 (2d Cir. 1989) (citation omitted); *see Merriweather v. Metro. Prop. & Cas. Ins. Co.*, No. 13-CV-5976 (SJF) (AKT), 2013 WL 6328143, at *2 (E.D.N.Y. Dec. 3, 2013) ("If conflicting conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders." (quotation omitted)). Here, because the injury occurred in Utah, this Motion is governed by Utah law.

## DISCUSSION

The Court finds that Plaintiff failed to satisfy the procedural requirements to obtain a default judgment under Federal Rule 55 and the Local Civil Rules, and therefore respectfully recommends denial of this Motion. In addition, the Court recommends granting Plaintiff leave to amend the Complaint prior to renewal of this Motion, because pleadings neither properly allege Defendant's liability under all claims nor offer sufficient evidence to establish damages.

I. <u>Default Judgment Should Be Denied for Failure to Comply with Local Civil Rules</u>

Courts in this District frequently deny motions for default judgment when a plaintiff fails to comply with local rules. *See Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) ("[W]here the movant is represented by counsel, . . . a motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules."); *see also Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."). Here, Plaintiff failed to comply with Local Civil Rules 55.2(b), 55.2(c), and 7.1.

6

a. Local Rule 55.2(b)

Local Rule 55.2(b) requires that a motion for default judgment include the Clerk's certificate of default, a copy of the claim to which no response was made, and a proposed form of default judgment. Loc. Civ. R. 55.2(b). Failure to attach any of these documents to the motion could, in and of itself, be reason to deny a motion for default judgment. *Yang Ming Marine Transp. Corp. v. JAC Shipping, Inc.*, 20-CV-1118 (FB) (RER), 2021 WL 7908014, at *2 (E.D.N.Y. Jan. 7, 2021) (citing *Guangzhou Yongjia Garment Mfg. Co. v. Zoomers Inc.*, No. 19-CV-2759 (NGG) (LB), 2020 WL 5578936, * 5 (E.D.N.Y. Aug. 28, 2020)). That some of the items demanded by Rule 55.2(b) may be found elsewhere on the docket does not absolve a movant of their responsibility to attach copies to their moving papers. *Bhagwat*, 2015 WL 13738456, at *1; *see, e.g.*, *Century Sur. Co. v. Atweek, Inc.*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) (denying motion for default judgment for failure to file required documents).

Here, Plaintiff failed to append a copy of the claim or the certificate of default in her Motion for Default Judgment as required by Local Civil Rule 55.2(b). Although the Complaint and the certificate of default may be found elsewhere on the docket (*See* Compl.; ECF No. 11), this does not absolve Plaintiff of her obligation to append copies with her moving papers. Plaintiff's failure to attach these documents is sufficient reason to deny this Motion.

b. Local Rule 55.2(c)

Under Local Rule 55.2(c), a plaintiff is required to serve notice of a motion for default judgment as well as all supporting motion papers on the defaulting defendant, and file proof of mailing with the court. Loc. Civ. R. 55.2(c). Motion papers must be mailed to the last known business address of corporate defendants. *Id.* "Service of the motion on non-appearing defendants is of particular importance, because 'mailing notice of such an application is conducive to both

7

fairness and efficiency[.]'" *Miss Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019) (quoting Committee Note, Loc. Civ. R. 55.2), *adopted by* 2019 WL 955279 (Feb. 26, 2019). Failure to comply with Local Rule 55.2(c) warrants denial of a motion for default judgment without prejudice. *Id.* Courts may overlook such violations under exceptional circumstances or when a defendant otherwise receives fair notice of the motion. *See United States v. Kumar*, No. 19-CV-4501 (ENV) (VMS), 2021 WL 7908019, at *6 (E.D.N.Y. Mar. 19, 2021) (recommending that plaintiff's failure to comply with Rule 55.2(b) and 55.2(c) be excused when defendant had sufficient notice of the claims and plaintiff subsequently remedied their noncompliance), *supplemented by* 2021 WL 7908013 (Mar. 29, 2021); *Gustavia Home, LLC v. Vaz*, 17-CV-5307 (ILG) (RER), 2019 WL 3752772, at *4 (E.D.N.Y. Aug. 8, 2019), *aff'd by* 824 Fed. Appx. 83 (2d Cir. 2020) (overlooking noncompliance with 55.2(b) and 55.2(c) where time was of the essence and defaulting defendants had notice of the motion).

Here, Plaintiff failed to mail any motion papers to Defendant, and has not provided any indication that this omission was due to extenuating circumstances, nor that Defendant had otherwise received notice of the Motion or of the Clerk of the Court's entry of their default. Plaintiff's repeated use of the wrong business address to attempt service of pleadings and subsequent filings on Defendant is also troubling, not to mention unfair and inefficient. In light of these shortcomings, the Court finds no reason to excuse Plaintiff's noncompliance with Rule 55.2(c). *See Reyes-Fana v. Moca Grocery NY Corp.*, No. 21-CV-4493 (AMD) (RER), 2022 WL 5428688, at *4 (E.D.N.Y. Aug. 16, 2022) (declining to overlook plaintiff's failure to comply with Rule 55.2(c) when defendants did not otherwise receive fair notice of the motion for default judgment), *adopted by* 2022 WL 4094241 (Sept. 7, 2022).

      c. <u>Local Rule 7.1</u>

Local Rule 7.1 requires all motions to include, *inter alia*, "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion. and divided, under appropriate headings, into as many parts as there are issues to be determined." Loc. Civ. R. 7.1(a)(2). The omission of a memorandum of law that adheres to the requirements of Rule 7.1 is sufficient to warrant denial of a motion for default judgment. *Yang Ming Marine Transp. Corp.*, 2021 WL 7908014 at *2 (noting that failure to include a memorandum of law "is sufficient in and of itself to warrant denial of the motion for default judgment"); *see also Woo Hee Cho v. Oquendo*, No. 16-CV-4811 (MKB) (CLP), 2018 WL 9945701, at *1 n.2 (E.D.N.Y. Aug. 25, 2018) (denying a motion for default judgment on grounds that plaintiff violated Rule 7.1 by failing to file a memorandum of law); *Falls Lake Nat'l Ins. Co. v. DNA Plumbing Contractors, Inc.*, No. 20-CV-2798 (RJD) (RER), 2021 WL 3518279, at *5 (E.D.N.Y. May 4, 2021) (finding that plaintiff's memorandum of law did not comply with Rule 7.1 when it did "not address whether the allegations and supporting evidence [were] sufficient to merit the relief requested"), *adopted by* 2021 WL 2702571 (E.D.N.Y. July 1, 2021); *Pompey v. 23 Morgan II, LLC*, No. 16-CV-2065 (ARR) (PK), 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) (finding that plaintiff violated Rule 7.1 when the memorandum of law submitted offered no discussion of liability based on the Complaint).

Here, Plaintiff failed to file any memorandum of law with her Motion for Default Judgment as required by Local Rule 7.1. Considering Plaintiff's various claims, potential choice of law issues, and unsubstantiated damages, the Court finds the absence of a memorandum of law that addresses whether allegations establish liability under Utah law sufficient to warrant denial of Plaintiff's Motion.

II.      Plaintiff Failed to Properly Plead All Claims

A cursory review of the Complaint reveals the following inadequately plead claims and conclusory allegations, which require more inferences to find liability than the Court will make.[5]

    a.    Strict Liability

"Products liability always requires proof of a defective product, which can include 'manufacturing flaws, design defects, and inadequate warnings regarding use.'" *Bishop v. GenTec Inc.*, 48 P.3d 218, 225 (Utah 2002) (quoting *Grundberg v. Upjohn Co.*, 813 P.2d 89, 92 (Utah 1991)). The statutory elements of a strict products liability claim include "(1) that the product was unreasonably dangerous due to a defect or defective condition, (2) that the defect existed at the time the product was sold, and (3) that the defective condition was a cause of the plaintiff's injuries." *Brown v. Sears, Roebuck & Co.*, 328 F.3d 1274, 1279 (10th Cir. 2003) (quoting *Burns v. Cannondale Bicycle Co.*, 876 P.2d 415, 418 (Utah Ct. App. 1994)); Utah Code Ann. § 78B-6-703 (describing this standard); *see* Utah Code Ann. § 78B-6-702 (defining "unreasonably dangerous"). Utah courts impose additional requirements based on the type of defect at issue. *Brown*, 328 F.3d at 1279 ("[T]he sufficient conditions for [a products liability] cause of action must come from the common law."); *see, e.g.*, *Marcovecchio v. Wright Med. Grp., Inc.*, No. 18-CV-00274, 2019 WL 1406606, at *6 (D. Utah Mar. 28, 2019) (noting that under Utah law, manufacturing defect claims must establish that a product's defect was the "result of a mistake in the manufacturing process"); *Henrie v. Northrop Grumman Corp.*, 502 F.3d 1228, 1233 (10th Cir. 2007) (describing "evidence of a safer and economical alternative design" as "an essential part" of a defective design strict liability claim).

---

[5] These should not be considered an exhaustive list of pleading deficiencies.

Here, the Complaint fails to establish strict liability based on a defective product. Although Plaintiff alleges that the pressure cooker was "defectively and negligently designed and manufactured" (Compl. ¶ 19), that "Defendant failed to properly . . . manufacture" the pressure cooker (*id.* ¶ 31c), and that safer alternatives to the pressure cooker exist (*id.* ¶¶ 8, 22, 31f), the Complaint does not allege any specific manufacturing or design defect, instead appearing to argue simply that because Plaintiff was able to open the lid while the unit was pressurized, there must have been a manufacturing or design defect. However, the Complaint does not specify how the defect resulted from a mistake in the manufacturing process, nor does it offer any facts to support the conclusory assertions about the existence of a safer and economically feasible alternative. Without more factual support, these pleadings are insufficient.

    b. <u>Negligence</u>

To establish a claim for negligence in the products liability context, a Plaintiff "must prove 'there was a duty owed by the defendant to the plaintiff, that the duty was breached and that the conduct complained of was the cause in fact of the injury.'" *Barben v. Beretta USA Corp.*, No. 16-CV-94, 2017 WL 6501850, at *11 (D. Utah Dec. 18, 2017) (quoting *Barson By and Through Barson v. E.R. Squibb & Sons, Inc.*, 682 P.2d 832, 835 (Utah 1984)). When considering whether a duty is owed, Utah courts "have never, nor has any other jurisdiction, recognized a duty on the part of a manufacturer to refrain from marketing a non-defective product when a safer model is available." *Slisze v. Stanley-Bostitch*, 979 P.2d 317, 320 (Utah 1999). Allegations regarding a negligence cause of action must be non-conclusory and adequately supported by facts. *See Self v. Countrywide Home Loans, Inc.*, No. 09-CV-746, 2010 WL 2025563, at *5 (D. Utah May 18, 2010) (dismissing negligence claim when "[p]laintiff fail[ed] to allege specific non-conclusory allegations supporting the elements of negligence").

11

Consequently, because Plaintiff has not properly plead that the pressure cooker was defective under Utah law, Plaintiff's negligence claim must likewise fail. Plaintiff's negligence theory is grounded in Gourmia's alleged breach of a duty "to design, manufacture, market and sell non-defective [p]ressure [c]ookers that are reasonably safe" for Plaintiff and other intended users. (Compl. ¶ 34). However, as stated, pleadings do not support a finding that Gourmia designed, manufactured, marketed, or sold a defective product. Thus, Plaintiff's allegation that "Defendant failed to exercise ordinary care in the . . . sale . . . of its pressure cookers in that Defendant knew or should have known that [they] created a high risk of unreasonable harm" (*id.* ¶ 35), essentially argues for the imposition of a duty to refrain from selling a non-defective product. This would be at odds with Utah's product liability caselaw. *See, e.g.*, *Slisze*, P.2d at 320–21; *Brown*, 328 F.3d at 1283. Absent a defective product, the Complaint does not provide enough factual support to establish that Defendant owed Plaintiff a duty, nor that Defendant breached a duty, nor that a breach of duty caused Plaintiff's injuries, thus failing to satisfy all requisite elements of a negligence claim.

    c. <u>Negligent Failure to Warn</u>

To prevail on a negligent failure to warn claim under Utah law, a plaintiff must establish "(1) defendant's failure to exercise reasonable care because [they] did not provide an adequate warning; (2) the lack of an adequate warning made the product defective and unreasonably dangerous; and (3) the lack of an adequate warning was a cause of plaintiff's injuries." *Christison v. Biogen Idec Inc.*, No. 11-CV-1140, 2014 WL 7261300, at *8 (D. Utah Dec. 18, 2014) (citing *Model Utah Jury Instructions* CV1018 (2d ed. Aug. 15, 2014), http://www.utcourts.gov/resources/muji/; *House v. Armour of America, Inc.*, 929 P.2d 340, 344 (Utah 1996)). "The Utah Supreme Court has said, '[I]f the event which produced the injury would have occurred regardless of the defendant's

conduct, then the failure to provide a warning is not the proximate cause of the harm and the plaintiff's claim must fail.'" *Kirkbride v. Terex USA, LLC*, 798 F.3d 1343, 1349 (10th Cir. 2015) (quoting *House*, 929 P.2d at 346).

Here, Plaintiff claims that "Defendant failed to . . . place adequate warnings and instructions on the Pressure Cookers" (Compl. ¶ 31.d), and makes the conclusory allegation that her injuries were "a direct and proximate result" of Defendant's inadequate warnings (*id.* ¶ 50). However, the pressure cooker's user manual includes several warnings pertaining to the pressure cooker lid. (*see, e.g.*, ECF No. 1-1 at 8 ("Never open the lid before the product has cooled and all internal pressure has been released"), 11 ("*NEVER ATTEMPT TO OPEN THE LID FOR THE DURATION OF THE PRESSURE COOKING TIME*") (emphasis in original)). The Complaint falls short by failing to specify how these warnings were inadequate or made the pressure cooker defective and unreasonably dangerous, how the inadequate warnings caused Plaintiff's injuries, or how a different warning would have prevented them. *See Marion v. Smith & Nephew, Inc.*, No. 15-CV-96, 2016 WL 4098608, at *5 (D. Utah July 28, 2016) (dismissing failure to warn claim that is "conclusory and unsupported by factual allegations"); *Kirkbride*, 798 F.3d at 1349 (declining to consider adequacy of warning when "there was no evidence that a better warning would have prevented [plaintiff's] injury"). Accordingly, Plaintiff's pleadings fall short of establishing a negligent failure to warn claim.

    d.  <u>Breach of Implied Warranties</u>

When Utah courts consider claims for breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose, they weigh the same elements as required for strict liability. *Straub v. Fisher & Paykel Health Care*, 990 P.2d 384, 389 (Utah 1999) ("[T]he elements of strict liability and breach of warranty 'are essentially the same.'" (quoting

13

*Ernest W. Hahn, Inc. v. Armco Steel Co.,* 601 P.2d 152, 159 (Utah 1979))); *Kirkbride*, 798 F.3d at 1354 (10th Cir. 2015) ("conclud[ing] that for purposes of a tort claim for breach of the implied warranty of merchantability, Utah law provides that the warranty is breached only if the plaintiff establishes the elements of a strict-products-liability claim for defective manufacture, defective design, or failure to warn"); *Salt Lake City Corp. v. Kasler Corp.*, 855 F. Supp. 1560, 1572 (D. Utah 1994) (collecting cases). Accordingly, because Plaintiff failed to adequately plead strict liability, her warranty claims likewise fail.

### III. Plaintiff Failed to Establish a Valid Basis for Damages

Following a default judgment, a plaintiff may only recover "the type and quantity of damages demanded in the complaint" *United States v. Mammolito*, No. 09-CV-3564 (JS) (ETB), 2012 WL 601458, at *2 (E.D.N.Y. Jan. 4, 2012) (citing *Ames v. Stat Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y.); Fed. R. Civ. P. 54(c)), *adopted by* 2012 WL 601479 (Feb. 23, 2012). However, when considering a default judgment motion, a court cannot accept allegations of damages as true. *Mickalis Pawn Shop, LLC*, 645 F.3d at 137 (citing *Au Bon Pain Corp*, 653 F.2d at 61). Rather, a plaintiff must prove that the damages sought "naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158–59; Fed. R. Civ. P. 54(c). The court must ensure a basis for the compensation specified in a default judgment, and may make that determination through a hearing, or may rely on detailed affidavits or documentary evidence supplemented by personal knowledge of the facts. *Fustok v. Conticommodity Servs., Inc.*, 122 F.R.D. 151, 156 (S.D.N.Y. 1988), *aff'd by* 873 F.2d 38 (2d Cir. 1989). In so doing, courts are required to ascertain damages "with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

At this juncture, Plaintiff has not provided sufficient evidence for the Court to ascertain damages with reasonable certainty. Pleadings do not specify a specific amount of damages that Plaintiff seeks, instead noting simply that "the matter in controversy exceeds the sum or value of $75,000" (Compl. ¶ 11),[6] and referring generally to compensatory, exemplary, punitive, and treble damages; pre- and post-judgment interest; and attorneys' fees and costs. (*Id.* at 12). An attorney affidavit submitted with this Motion, however, indicates that Plaintiff seeks $75,000 in general damages for past and future pain, disability, emotional distress, and disfigurement resulting from her alleged burn injuries; as well as $116 in special damages for medical costs. (ECF No. 12-1 at 2). To support this request, Plaintiff submitted one receipt from Intermountain Medical Group, West Jordan Clinic to establish the special damages (*id.* at 5), but merely alleged experiencing "serious and substantial burn injuries" (Compl. ¶ 8), and "medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages" to support the demand for general damages (*id.* ¶ 25). The Court cannot calculate damages based on these vague allegations.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that (i) Plaintiff be granted leave to amend the Complaint to adequately plead all claims and provide sufficient explanation and documentary evidence to establish a valid basis for requested damages; (ii) Plaintiff be directed to properly serve the amended complaint on Defendant; and (iii) Plaintiff's Motion for Default Judgment be denied with leave to renew after service of an amended complaint, in accordance with all federal, local, and individual rules, which will necessarily include submission of a

---

[6] These allegations, though spare, are adequate to establish diversity jurisdiction. *See Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006), *certified question accepted by* 6 N.Y.3d 820, 846 N.E.2d 467 (2006), and *certified question answered by* 8 N.Y.3d 43, 860 N.E.2d 713 (2006) (recognizing "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy" (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir.1999))).

Memorandum of Law pursuant to Local Rule 7.1 that analyzes all causes of action and the adequacy of pleadings under Utah law.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendant by regular and certified mail and to file proof of service with the Clerk of the Court by June 23, 2023. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric R. Komitee within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

**/s/ Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge
Dated: June 16, 2023
     Brooklyn, NY