```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MONICA LOUISE COLLEDGE,
                                                                        REPORT AND
                        Plaintiff,                                      RECOMMENDATION

        v.                                                              22-CV-2873
                                                                        (Komitee, J.)
THE STEELSTONE GROUP, LLC, d/b/a Gourmia,                               (Marutollo, M.J.)

                        Defendant.
-------------------------------------------------------------------X
```

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiff Monica Louise Colledge commenced this action against Defendant The Steelstone Group, LLC, d/b/a Gourmia ("Gourmia" or "Defendant"), after allegedly suffering serious and substantial burns on or about June 1, 2020, while using a pressure cooker designed, manufactured, and distributed by Gourmia. Dkt. No. 16. Plaintiff raises claims of strict liability, negligence, negligent design defect, negligent failure to warn, breach of implied warranty of fitness for a particular purpose, and breach of implied warranty of merchantability. *Id.* ¶¶ 53-93.

Currently pending before this Court, on a referral from the Honorable Eric R. Komitee, United States District Judge, is Plaintiff's second motion for default judgment against Defendant. *See* Dkt. No. 24; *see also* Referral Order dated February 29, 2024. For the reasons set forth below, this Court respectfully recommends that Plaintiff's second motion for default judgment be **DENIED**, without prejudice to renew.

I.    **Background**

    A.    **Factual Allegations**

The following facts are taken from the Second Amended Complaint (Dkt. No. 16), Plaintiff's motion (Dkt. No. 24), and the attachments filed in support of Plaintiff's motion (Dkt. No. 24-1—24-16); the facts are assumed to be true for the purposes of this motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (in light of defendant's default, a court is required to accept all of plaintiff's factual allegations as true and draw all reasonable inferences in plaintiff's favor); *BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796 (HG) (JAM), 2023 WL 8853704, at *1 (E.D.N.Y. Dec. 22, 2023), *report and recommendation adopted*, Dkt. Order (E.D.N.Y. Jan. 9, 2024).

Plaintiff is a resident and citizen of Utah. Dkt. No. 16 ¶ 7. Gourmia is a limited liability corporation with its principal place of business in Brooklyn, New York. *Id.* ¶ 10. Gourmia designs, manufactures, distributes, markets, and sells a variety of kitchen products, including the Gourmia Pressure Cooker Model No. 855 pressure cooker ("GPC-855 Pressure Cooker). *Id.* ¶¶ 1, 19, 38(a). Gourmia advertises that its pressure cookers allow for "completely safe cooking" (*id.* ¶ 15), and that its safety lock system ensures that the pressure cookers cannot be opened while they are in use. *Id.* ¶¶ 2, 38(a).

Plaintiff used her GPC-855 Pressure Cooker to prepare meals. Dkt. No. 16 ¶ 41. On or about June 1, 2020, Plaintiff decided to use the GPC-855 Pressure Cooker to "make some homemade dog food for her dog." *Id.* ¶ 40. According to Plaintiff, "[a]bout ten (10) to fifteen (15) minutes into the cooking cycle, Plaintiff heard an unfamiliar noise." *Id.* "Plaintiff knew that, according to the [GPC-855 Pressure Cooker's] User Manual and purported safety features, the [GPC-855 Pressure Cooker] should not pressurize without a properly secured lid." *Id.* Plaintiff

2

alleges that when she reached out to try to reposition the lid, the GPC-855 Pressure Cooker "blew open and sent hot liquid and food spewing all over Plaintiff's entire right side, including her upper arm, armpit, and the area around her right breast." *Id.* Plaintiff was ultimately diagnosed with third degree burns. *Id.*

Plaintiff alleges that the pressure cooker was "defectively and negligently designed and manufactured by [] Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers." Dkt. No. 16 ¶ 42. She further claims that "economic, safer alternative designs were available that could have prevented [the GPC-855 Pressure Cooker's] lid from being rotated and opened while pressurized." *Id.* ¶ 46.

## B. Procedural History

Plaintiff commenced this action on May 17, 2022. Dkt. No. 1. On May 20, 2022, the Court entered an Order to Show Cause directing Plaintiff to explain why the case should not be dismissed for lack of subject matter jurisdiction because the Complaint did not properly allege Gourmia's citizenship as required to establish diversity jurisdiction.

In response, Plaintiff filed a letter on May 27, 2022, specifying that Gourmia's principal place of business is 3611 14th Avenue, Suite 540, Brooklyn, New York 11218, and the sole member of Gourmia, Mr. Naphtali Biegeleisen, is a citizen of New York. Dkt. No. 4 ¶¶ 13, 16. Plaintiff also attached a First Amended Complaint to its Response to the Order to Show Cause. Dkt. No. 4-1.

Plaintiff proceeded to serve the Summons and Complaint on Defendant, but notably, the Summons was proposed and issued with the wrong address for Defendant. *See* Dkt. Nos. 1-3, 5, 6 (all incorrectly listing Defendant's address as 1274 49th Street, Suite 455, Brooklyn, New York 11219)). Notwithstanding this error, when Plaintiff served Defendant through the New York Secretary of State on June 13, 2022, the pleadings were subsequently mailed to Defendant's correct address. *See* Dkt. No. 7 at 3 (indicating that process was served to 3611 14th Avenue, Suite 540, Brooklyn, New York 11218)).

Defendant then failed to answer or otherwise respond to the Complaint, and Plaintiff requested a Certificate of Default. Dkt. Nos. 9-10. Plaintiff submitted an Affirmation of Service with that request indicating that a copy was served via process server upon Defendant, but unfortunately, the address provided for Defendant was again incorrect. *See* Dkt. No. 9-3 (listing address as 1274 49th Street, Suite 455, Brooklyn, New York 11219)).

Nonetheless, Defendant's default was entered on October 11, 2022. *See* Dkt. No. 11. Plaintiff moved for default judgment and an award in the amount of $75,116. *See* Dkt. No. 12.

On June 16, 2023, then-United States Magistrate Judge Ramon E. Reyes issued a Report and Recommendation that "(i) Plaintiff be granted leave to amend the Complaint to adequately plead all claims and provide sufficient explanation and documentary evidence to establish a valid basis for requested damages; (ii) Plaintiff be directed to properly serve the amended complaint on Defendant; and (iii) Plaintiff's Motion for Default Judgment be denied with leave to renew after service of an amended complaint, in accordance with all federal, local, and individual rules, which will necessarily include submission of a Memorandum of Law pursuant to Local Rule 7.1 that analyzes all causes of action and the adequacy of pleadings under Utah law." Dkt. No. 13; *see also Monica Colledge v. Steelstone Grp., LLC*, No. 22-CV-2873 (EK) (RER), 2023 WL 5152300,

4

at *1 (E.D.N.Y. June 16, 2023), *report and recommendation adopted*, 2023 WL 5759191 (E.D.N.Y. Sept. 5, 2023). On September 5, 2023, Judge Komitee adopted the Report and Recommendation in its entirety. Dkt. No. 15.

On October 10, 2023, Plaintiff filed the Second Amended Complaint. Dkt. No. 16. Plaintiff served the Second Amended Complaint personally on Defendant at "Registered Agents Inc., Suite 300, 7901 4th Street North, St. Petersburg, FL, 33702." Dkt. No. 18. In the affidavit of service, Plaintiff states that "Registered Agents Inc." is the registered agent for Defendant. *Id.*

On January 10, 2024, Plaintiff filed a request for a certificate of default against Defendant. *See* Dkt. No. 20. On January 16, 2024, the Clerk of the Court entered default against Defendant. *See* Dkt. No. 21. Plaintiff served a copy of the Certificate of Default on Defendant at at "Registered Agents Inc., Suite 300, 7901 4th Street North, St. Petersburg, FL, 33702." Dkt. No. 23. Plaintiff again indicated that "Registered Agents Inc." is the registered agent for Defendant. *See id.*

On February 12, 2024, Plaintiff filed her motion for default judgment. *See* Dkt. No. 24. As part of her motion, Plaintiff included a Certificate of Service, which stated that Plaintiff served, "via both U.S. Postal and process server upon the Defendant to this action" at the following addresses: "The Steelstone Group, LLC 1274 49th Street, Ste 455 Brooklyn, NY 11219" and "Registered Agents, Inc. Suite 300, 7901 4th Street North, St. Petersburg, FL 33702." Dkt. No. 24 at 4.

On February 29, 2024, Judge Komitee referred this matter to the undersigned for a report and recommendation. *See* Referral Order dated February 29, 2024.

## II. **Standard for Default Judgment**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). At the first

5

step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *3 (E.D.N.Y. Sept. 29, 2023) ("when a party uses an affidavit or other proof to show that a party has 'failed to plead or otherwise defend' against an action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a)). "If a claim is for 'a sum certain or a sum that can be made certain by computation,' the clerk can enter judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(1)).

At the second step, and "[i]n all other cases, the party must apply to the court for a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). To "enter or effectuate judgment" the Court is empowered to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Nevertheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). A plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)).

6

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Esquivel*, 2023 WL 6338666, at *3 (quoting *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established." *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG)(PK), 2023 WL 2583856, at *7 (E.D.N.Y. Mar. 21, 2023) (quotations and citation omitted). The Court may also "consider numerous factors, including whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or in doubt." *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956 (JS) (AKT), 2010 WL 3780972, at *2 (E.D.N.Y. Aug. 23, 2010) (cleaned up), *report and recommendation adopted*, 2010 WL 3780984 (E.D.N.Y. Sept. 17, 2010). "Courts have significant discretion in granting default judgments and consider the following factors: (1) whether the defendant's default was willful; (2) whether [the] defendant has a meritorious defense to [the] plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Canon U.S.A., Inc. v. Sysorex Gov't Servs., Inc.*, No. 23-CV-8001 (DLI) (LGD), 2024 WL 1914347, at *3 (E.D.N.Y. May 1, 2024) (internal citations omitted); *see also Enron Oil Corp.*, 10 F.3d at 96; *Franco*, 2010 WL 3780972, at *2 (listing factors).

### III. Jurisdiction

The Court "must satisfy itself that it has subject matter and personal jurisdiction before rendering judgment against defendants." *Dumolo v. Dumolo*, No. 17-CV-7294 (KAM)(CLP), 2019 WL 1367751, at *4 (E.D.N.Y. Mar. 26, 2019); *see Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 732 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity.").

### A. Subject Matter Jurisdiction

As the Court noted in its June 16, 2023 Report and Recommendation, "Plaintiff's original Complaint, as supplemented by her response to the Order to Show Cause, sufficed to establish diversity jurisdiction." *Colledge*, 2023 WL 5152300, at *1 (citing *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) ("[W]hen the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties, [the court] may simply 'deem the pleadings amended so as to properly allege diversity jurisdiction.'") (quoting *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997)).

Similarly, the Court has subject matter jurisdiction over this case pursuant to the diversity jurisdiction prescribed by 28 U.S.C. § 1332, as the matter in controversy purportedly exceeds the sum or value of $75,000.00 and there is complete diversity between the parties, as Plaintiff is a citizen of Utah and Defendant is a citizen of New York. *See* Dkt. No. 16 ¶¶ 11-13.

Accordingly, this Court respectfully recommends a finding of subject matter jurisdiction over this action.

### B. Personal Jurisdiction

"Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant." *Empire Cmty. Dev. LLC v. Campoverde*, No. 22-CV-4046 (RPK) (VMS), 2023 WL 7000878, at *3 (E.D.N.Y. Aug. 23, 2023) (citing *Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998)). "[W]hen a defendant declines to appear, a plaintiff generally proceeds by means of a motion for default judgment . . . and we agree with our sister circuits that before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). Thus, "[a] court may not enter

8

default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." *BASF Corp.*, 2023 WL 8853704, at *5 (internal quotation marks and citation omitted); *Nat'l Cas. Co. v. Runway Towing Corp.*, No. 19-CV-5091 (DG) (CLP), 2021 WL 5310857, at *2 (E.D.N.Y. Oct. 19, 2021), *report and recommendation adopted*, 2021 WL 5304055 (E.D.N.Y. Nov. 15, 2021) ("A default judgment may not be granted 'if the defendant has not been effectively served with process.'") (quoting *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014)).  Plaintiff has the burden of showing adequate service. *Nat'l Cas. Co.*, 2021 WL 5310857, at *2.

Indeed, "[e]ven where the Clerk of the Court has entered the defendant's default, [the] court may appropriately review the adequacy of service before entering a default judgment." *Prescription Containers, Inc. v. Cabiles*, No. 12-CV-4805 (CBA) (VMS), 2014 WL 1236919, at *5 (E.D.N.Y. Feb. 14, 2014) (quotations and citation omitted), *report and recommendation adopted*, 2014 WL 1237098 (E.D.N.Y. Mar. 25, 2014).  Ultimately, "[a] court may not enter default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc.*, No. 13-CV-4590 (JS) (GRB), 2014 WL 6606402, at *2 (E.D.N.Y. Aug. 4, 2014), *report and recommendation adopted*, 2014 WL 4536911 (E.D.N.Y. Sept. 11, 2014) (internal quotation marks omitted).

Under Fed. R. Civ. P. 4(h)(1)(B), a corporation can be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." The Federal Rules also permit a plaintiff to serve a corporation according to the law of the state where the district court is located.

9

Fed. R. Civ. P. 4(h)(1)(A); *see Trustees of the United Teamster Pension Fund a v. Juniors Produce Inc.*, No. 15-CV-6927 (ARR) (ST), 2016 WL 4995023, at *2 (E.D.N.Y. Aug. 31, 2016), *report and recommendation adopted*, 2016 WL 4995154 (E.D.N.Y. Sept. 19, 2016).

As relevant here, New York law, like its federal counterpart, allows for a corporation to be served by delivering the summons and complaint to "an officer, director, managing or general agent . . . or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1).  A corporation may also be served via its "registered agent" or the New York Secretary of State in Albany pursuant to section 306 of the New York Business Corporation Law. See N.Y. Bus. Corp. L. § 306(a) (N.Y. C.P.L.R. § 306(b)(1) ("Service of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany duplicate copies of such process together with the statutory fee.").

"[S]ervice on a corporate defendant is complete once [it] is effectuated through the Secretary of State under N.Y. Bus. Corp. Law § 306(b)(1)." *Logan v. World Luxury Cars, Inc.*, No. 15-CV-248 (ENV) (PK), 2023 WL 156878, at *2 (E.D.N.Y. Jan. 11, 2023) (internal quotation marks omitted).  ("New York law requires corporations to advise the Secretary of State of any change of address, and accordingly, because plaintiff served [defendant] through the Secretary of State, service on that defendant was necessarily proper, regardless of whether the address on file was correct.").

Here, Plaintiff has not met her burden of establishing that Defendant was served with the Second Amended Complaint.  Despite the discussion regarding service in Judge Reyes's June 16, 2023 Report and Recommendation, Plaintiff chose *not* to serve the Second Amended Complaint

10

on Defendant at its principal place of business (3611 14th Avenue, Suite 540, Brooklyn, New York 11218) or via the Office of the Secretary of State of the State of New York. Instead, as noted above, Plaintiff personally served the Second Amended Complaint on Defendant at "Registered Agents Inc., Suite 300, 7901 4th Street North, St. Petersburg, FL, 33702." Dkt. No. 18.

In the affidavit of service, Plaintiff states that "Registered Agents Inc." is the registered agent for Defendant. *Id.* But there is no indication otherwise that "Registered Agents Inc." is, in fact the registered agent of Defendant. In fact, according to the New York State Department of State public website,[1] there is currently no registered agent listed for Defendant. Plaintiff also makes no effort, in its moving papers, to explain on what grounds "Registered Agents Inc." should be considered as the registered agent of Defendant, or how it came to learn that "Registered Agents Inc." is the proper recipient for service on Defendant.

Accordingly, the Court respectfully recommends that Plaintiff's motion be denied, without prejudice, for lack of personal jurisdiction over Defendant.

### IV.  Local Civil Rules 7.1 and 55.2

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831 (PKC) (TAM), 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) (quoting *Century Surety Company v. Adweek*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018)). "[L]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress,

---

[1] *See* https://apps.dos.ny.gov/publicInquiry/EntityDisplay. "The Court can and does take judicial notice of information from the New York Secretary of State's website." *Colledge*, 2023 WL 5152300, at *2 (quoting *J & J Sports Prods., Inc. v. La Parranda Mexicana Bar & Rest. Co.*, No. 17-CV-4171 (AMD) (SJB), 2018 WL 4378166, at *1 n.3 (E.D.N.Y. Apr. 9, 2018)).

or the Constitution." *See Fin. Servs. Vehicle Tr. v. Osmeña*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (citations and quotation marks omitted). "Courts in this District frequently deny motions for default judgment when a plaintiff fails to comply with local rules." *Colledge*, 2023 WL 5152300, at *3 (citing *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015)) ("[W]here the movant is represented by counsel, . . . a motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules.").

Under Local Civil Rule 7.1, a motion for default judgment must consist of a notice of motion, a memorandum of law, and supporting affidavits and exhibits containing any factual information and portions of the record necessary for the decision of the motion. Loc. Civ. R. 7.1(a). Under Local Civil Rule 55.2, a "party seeking a judgment by default . . . shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment," and must mail these three items to the "*last known business address*" of the defaulting party (if not an individual). Loc. Civ. R. 55.2(b)-(c) (emphasis added).

Here, this Court finds that Plaintiff has complied with Local Civil Rules 7.1 and 55.2(b). Plaintiff's motion includes a notice of motion (Dkt. No. 24), a memorandum of law (Dkt. No. 24-4), and an affidavit (Dkt. No. 24-5), in accordance with Local Civil Rule 7.1. Plaintiff also attaches the Second Amended Complaint (Dkt. No. 24-2), the certificate of default (Dkt. No. 24-1), and a proposed form of default judgment (Dkt. No. 24-3) to its motion in accordance with Local Civil Rule 55.2(b).

Plaintiff, however, has not complied with Local Civil Rule 55.2(c). Local Civil Rule 55.2(c) states, "[u]nless otherwise ordered by the Court, all papers submitted to the Court pursuant

to Local Civil Rule 55.2(a) or (b) [] shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court. If the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any."

Plaintiff did not serve Defendant at its last known business address. As part of her motion, Plaintiff included a Certificate of Service, which stated that Plaintiff served "via both U.S. Postal and process server upon the Defendant to this action" at the following addresses: "The Steelstone Group, LLC 1274 49th Street, Ste 455 Brooklyn, NY 11219" and "Registered Agents, Inc. Suite 300, 7901 4th Street North, St. Petersburg, FL 33702." Dkt. No. 24 at 4. As noted above, Plaintiff makes no attempt to show that "Registered Agents Inc." is actually the registered agent of Defendant. Moreover, the Court repeatedly noted, in its June 16, 2023 Report and Recommendation, that the "1274 49th Street, Ste 455 Brooklyn, NY 11219" address is *not* the correct address for Defendant. *See Colledge*, 2023 WL 5152300, at *4 ("Plaintiff's repeated use of the wrong business address to attempt service of pleadings and subsequent filings on Defendant is also troubling, not to mention unfair and inefficient.").[2]

According to the New York Secretary of State, the proper business address for Defendant is "3611 14th Avenue, Suite 540, Brooklyn, New York 11218." *See* https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last visited May 13, 2024). Importantly,

---

[2] As Judge Reyes noted in *Colledge*, "[t]his address pertains to "Steelstone LLC," rather than Defendant in this case, The Steelstone Group, LLC. *Compare* Steelstone LLC., N.Y.S. Dep't State, https://www.dosny.gov/corps/bus_entity_search.html (search by 'EntityName' and input 'Steelstone LLC' in EntityName field) *with* The Steelstone Group, N.Y.S. Dep't State, https://www.dosny.gov/corps/bus_entity_search.html (search by 'EntityName' and input 'The Steelstone Group' in EntityName field).'" *Colledge*, 2023 WL 5152300, at *2, n. 4.

13

Plaintiff identifies "3611 14th Avenue, Suite 540, Brooklyn, New York 11218" as Defendant's principal place of business in the Second Amended Complaint. Dkt. No. 16 ¶ 10.

As the June 16, 2023 Report and Recommendation made clear, in light of the above shortcomings, there is "no reason to excuse Plaintiff's noncompliance with Rule 55.2(c)." *Id.* (citing *Reyes-Fana v. Moca Grocery NY Corp.*, No. 21-CV-4493 (AMD) (RER), 2022 WL 5428688, at *4 (E.D.N.Y. Aug. 16, 2022) (declining to overlook plaintiff's failure to comply with Rule 55.2(c) when defendants did not otherwise receive fair notice of the motion for default judgment), *report and recommendation adopted by* 2022 WL 4094241 (Sept. 7, 2022)). "As harsh at it may seem," courts in this district "have repeatedly" denied motions for default judgment based on a movant's failure to adhere to Local Civil Rule 55.2(b). *Lugo v. Allstate Ins. Co.*, No. 19-CV-7150 (JMA) (JMW), 2022 WL 3928727, at *5 (E.D.N.Y. Aug. 10, 2022) (recommending plaintiff's motion for default judgment be denied where "notably absent from Plaintiff's motion [was] the Clerk's certificate of default, a copy of the Complaint, and a proposed form of default judgment"), *report and recommendation adopted*, 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022).

The Court therefore respectfully recommends that Plaintiff's motion for default judgment be denied, without prejudice, for failure to comply with Local Civil Rule 55.2.

### V.     **Liability and Damages**

In light of the deficiencies outlined above, the Court declines to evaluate the potential liability or the potential damages here, particularly as it remains unclear as to whether Defendant is even in default given the improper service and the failure to comply with the Local Civil Rules. Nonetheless, the Court reiterates that any amended complaint must address the concerns raised by the Court in its June 16, 2023 Report and Recommendation regarding the inadequately pled claims

in the original complaint. *See Colledge*, 2023 WL 5152300, at *5 (providing an overview of the inadequately pled claims).

The Court does, however, note that Plaintiff has again failed to provide sufficient proof of the proposed damages. *See Colledge*, 2023 WL 5152300, at *7.

As background, following a default judgment, a plaintiff may only recover "the type and quantity of damages demanded in the complaint" *United States v. Mammolito*, No. 09-CV-3564 (JS) (ETB), 2012 WL 601458, at *2 (E.D.N.Y. Jan. 4, 2012) (citing *Ames v. Stat Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y.); Fed. R. Civ. P. 54(c)), *report and recommendation adopted by*, 2012 WL 601479 (Feb. 23, 2012). "Allegations related to damages are not deemed admitted upon entry of a default judgment." *Gov't Emps. Ins. Co. v. Binns*, No. 22-CV-1553 (NGG) (PK), 2024 WL 1433278, at *6 (E.D.N.Y. Apr. 3, 2024) (citing *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012), *see also Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). "Rather, the Court must be satisfied that Plaintiff has met the burden of proving damages to the Court with reasonable certainty." *Balhetchet v. Su Caso Mktg. Inc.*, No. 19-CV-4475 (PKC) (SJB), 2020 WL 4738242, at *3 (E.D.N.Y. Aug. 14, 2020) (cleaned up).

"The plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence or detailed affidavits." *Binns*, 2024 WL 1433278, at *4 (citations omitted); *see Chen*, 2023 WL 2583856, at *14 (noting that a plaintiff may submit documentary evidence or detailed affidavits to support their damages claim).

15

The court must ensure a basis for the compensation specified in a default judgment, and may make that determination through a hearing, or may rely on detailed affidavits or documentary evidence supplemented by personal knowledge of the facts. *Fustok v. Conticommodity Servs., Inc.*, 122 F.R.D. 151, 156 (S.D.N.Y. 1988), aff'd by 873 F.2d 38 (2d Cir. 1989). In so doing, courts are required to ascertain damages "with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

In the June 16, 2023 Report and Recommendation, the Court noted that:

> At this juncture, Plaintiff has not provided sufficient evidence for the Court to ascertain damages with reasonable certainty. Pleadings do not specify a specific amount of damages that Plaintiff seeks, instead noting simply that "the matter in controversy exceeds the sum or value of $75,000" (Compl. ¶ 11), and referring generally to compensatory, exemplary, punitive, and treble damages; pre- and post-judgment interest; and attorneys' fees and costs. (Id. at 12). An attorney affidavit submitted with this Motion, however, indicates that Plaintiff seeks $75,000 in general damages for past and future pain, disability, emotional distress, and disfigurement resulting from her alleged burn injuries; as well as $116 in special damages for medical costs. (ECF No. 12-1 at 2). To support this request, Plaintiff submitted one receipt from Intermountain Medical Group, West Jordan Clinic to establish the special damages (id. at 5), but merely alleged experiencing "serious and substantial burn injuries" (Compl. ¶ 8), and "medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages" to support the demand for general damages (id. ¶ 25). The Court cannot calculate damages based on these vague allegations.

*Colledge*, 2023 WL 5152300, at *7.

Despite the Court's admonition in its June 16, 2023 Report and Recommendation, Plaintiff does not appear to have rectified the bases for her demand for damages in her motion for default judgment. In short, Plaintiff now seeks $75,116.00 (Dkt. Nos. 24-3; 24-4 at 7, 49), but provides no adequate basis for how she attained that number.

Thus, even if the Court had personal jurisdiction over Defendant and even if Plaintiff had complied with the Local Civil Rules, Plaintiff still fails to set forth any proof of damages. Should Plaintiff seek to file a third motion for default judgment or seek leave to file another amended

16

complaint, Plaintiff's proposed damages figures should be supported by documentary evidence and/or one or more affidavits establishing the proposed figures. Plaintiff must also include documentation supporting any pre- or post-judgment interest, as well as any requested attorneys' fees and costs. The Court may conduct an inquest solely on the written submissions of the parties; if Plaintiff seeks an evidentiary hearing on damages, she must include the request in its papers, as well as provide reasons why a hearing is necessary and detail what types of additional evidence would be presented at the hearing.

The Court notes that the shortcomings set forth in this report and recommendation and the June 16, 2023 Report and Recommendation should not be considered an exhaustive list of deficiencies.

## VI. Conclusion

Accordingly, for the reasons set forth above, this Court respectfully recommends that Plaintiff's motion for default judgment be denied, without prejudice.

A copy of this report and recommendation is being electronically served on counsel. This Court directs Plaintiff's counsel to serve, by May 15, 2024, a copy of this report and recommendation by overnight mail and first-class mail to Defendant at 3611 14th Avenue, Suite 540, Brooklyn, New York 11218.

Any objections to this report and recommendation must be filed within 14 days after service of this report and recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Komitee. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v.*

17

*Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:     Brooklyn, New York
           May 14, 2024

**SO ORDERED.**

 */s/ Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge